NO. 07-03-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 31, 2004

_____

JASON MARK JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 14310-0201; HON. ED SELF, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

_____

MEMORANDUM OPINION

On May 28, 2002, upon his guilty plea and the receipt of testimony, appellant Jason Mark Johnson was found guilty of the offense of possession of methamphetamine, a controlled substance. Pursuant to a plea bargain, the trial court deferred adjudication of the offense, placed appellant under community supervision for a period of one year, and

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

assessed a fine of $500. On November 19, 2002, the trial court adjudicated appellant's guilt and sentenced him to serve one and one-half years confinement in the State Jail Division of the Texas Department of Criminal Justice. Appellant gave timely notice of appeal.

Appellant's attorney has now filed an *Anders* brief with this court in which he states he has thoroughly examined the trial record and determined the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). In the brief, counsel discusses two points on appeal and concludes that neither of the points present reversible error. We have also been furnished with a copy of his letter to appellant forwarding a copy of the brief and advising appellant of his right to file a pro se brief. Counsel has additionally requested that he be permitted to withdraw. Neither appellant nor the State has filed a brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has properly concluded that the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Counsel lists his two arguable points as: (1) whether there is legally and factually sufficient evidence for the trial court to find appellant violated the terms and conditions of his community supervision; and 2) whether the confusion over the range of punishment and the degree of felony of the offense constitutes reversible error.

2

We have made an independent examination of the record, including appellant's written stipulation that the allegations contained in the application to revoke his community supervision "are true and correct." *See Penson v. Ohio*, 488 U.S.75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no grounds for reversal and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, counsel's request to withdraw is granted and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.